**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MICHELLE D. HAND<br>136 West Church Street<br>Pickerington, OH 43147,<br><br>    Plaintiff,<br><br>v.<br><br>WELTMAN, WEINBERG & REIS<br>CO., L.P.A.<br>c/o Eileen M. Bitterman<br>965 Keynote Circle<br>Brooklyn Heights, OH 44131,<br><br>    Defendant. | Civil Action No.: 2:18-cv-213<br><br>Judge:<br><br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**PLAINTIFF'S COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

The following allegations are based upon Michelle D. Hand ("Ms. Hand")'s personal knowledge, the investigation of counsel, and information and belief. Ms. Hand, through counsel, alleges as follows:

**I. INTRODUCTION**

1. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman") sued Ms. Hand for a medical debt after being informed that it was never properly billed to her insurance. Ms. Hand has told both Weltman and the medical provider that her health insurance was never properly billed, and the medical provider even confirmed that fact. Despite being put on notice about the mistake, Weltman filed suit against Ms. Hand over a debt that she never owed, causing her extreme stress and forcing her to retain an attorney to defend the lawsuit.

1

2. Due to Defendant's blatant disregard for the law and the fact that she does not owe the medical debt, Ms. Hand is left with no other option than to bring this action under 15 U.S.C. § 1692, *et seq.* and 12 U.S.C. § 1026, *et seq.*, against the Defendant to rectify the damages that Defendant has caused and prevent further injury to herself.

## II. PRELIMINARY STATEMENT

3. Ms. Hand institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Weltman for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA").

## III. JUISDICTION AND VENUE

4. This Court has jurisdiction for the First Count pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

5. This Court has personal jurisdiction over Weltman pursuant to Fed.R.Civ.P. 4(k) and R.C. 2307.382.

6. This Court has personal jurisdiction of Weltman because it conducts substantial business in this District and this lawsuit arises out of acts that occurred in this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

7. Venue is proper in accordance with 28 U.S.C. 1391(b)(1), as Weltman is a resident of the State in which this District is located.

8. Venue is proper in accordance with 28 U.S.C. 1391(b)(3), as Weltman is subject to personal jurisdiction in this District.

## IV. PARTIES

9. Ms. Hand is a natural person currently residing within this Court's jurisdiction at 136 West Church Street, Pickerington, OH 43147, which is her primary residence.

10. Weltman is a law firm specializing in debt collection and existing under the laws of the United States and has its principal place of business in Grove City, Ohio.

11. At all times relevant to this transaction, Ms. Hand was and is a **Consumer** within the meaning of 15 U.S.C. § 1692a(3).

12. At all times relevant to this transaction, Weltman was and is a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6).

**V.    FACTUAL ALLEGATIONS**

13. Ms. Hand incorporates all other paragraphs in this Complaint by reference as though fully written here.

14. Ms. Hand's medical account is a **debt** within the meaning of the FDCPA, 15 U.S.C. § 1692a(5).

15. The principal purpose of Weltman's business is the collection of debts.

16. Weltman regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

17. Weltman treated the debt as though it were in default upon first receipt of the debt.

18. On or around August and October of 2016, Ms. Hand received medical services from OhioHealth Corporation at Grant Medical Center in Columbus.

19. At all relevant times, Ms. Hand had medical insurance through United Healthcare.

20. Specifically, Ms. Hand is a full-time graduate student with Ohio State University and had medical insurance through the school, all while raising her two young children.

21. On or about December 22, 2017, Ms. Hand e-mailed Weltman about a piece of certified mail that was returned when she was out of town visiting family.

22. On or about December 22, 2017, Weltman provided correspondence via e-mail about money allegedly owed for Ms. Hand's medical services at OhioHealth.

23. On or about December 26, 2017, Ms. Hand informed Weltman via e-mail that those medical services should have been covered by her insurance.

24. In the same e-mail, Ms. Hand informed Weltman that the claims needed to be re-processed.

25. Weltman failed to respond to Ms. Hand's notification of her insurance coverage.

26. Instead, on or around February 9, 2018, Weltman, on behalf of OhioHealth Corporation, filed a complaint against Ms. Hand for the medical account in Fairfield County Municipal Court in Ohio.

27. Weltman knew that Ms. Hand's medical account had not been billed properly.

28. Weltman knew that it had no right to collect on the medical account.

29. Weltman knew that the medical account was disputed.

30. Weltman misrepresented in a legal proceeding that Ms. Hand owed the amount on the medical account.

31. On or about February 12, 2018, Ms. Hand called an administrator at OhioHealth to discuss the issue and that she believed OhioHealth had not properly billed her health insurance.

32. On or about February 13, 2018, a representative from OhioHealth admitted to Ms. Hand that it had not properly billed Ms. Hand's health insurance.

33. On or about February 16, 2018, Weltman told Ms. Hand that OhioHealth had undertaken a review of her insurance coverage.

34. On or about February 16, 2018, Weltman stated that it would advise Ms. Hand further once OhioHealth completed its review.

35. Ms. Hand has not received a response from Weltman as of the date of this filing.

36. Weltman failed to dismiss the lawsuit.

37. As a result, Ms. Hand had no choice but to hire an attorney to defend her against the wrongful action filed in Fairfield County Municipal Court.

## VI. FIRST COUNT – FDCPA – WELTMAN

38. Ms. Hand incorporates all other paragraphs in this Complaint by reference as though fully written here.

39. Weltman was and is subject to the FDCPA at all relevant times.

40. Weltman's actions violate the FDCPA, 15 U.S.C. § 1692 *et seq.*

41. Weltman's actions violate the FDCPA, 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(10), 1692f.

42. Weltman's actions defined herein and above are false, deceptive, or misleading representations in connection with the collection of the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10).

43. Weltman's actions defined herein and above are unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692f, 1692f(1).

44. Ms. Hand has suffered emotional distress as a result of Defendant's actions.

45. Ms. Hand has suffered undue stress, mental anguish, embarrassment, and anxiety as a result of Defendant's actions.

46. Weltman is liable to Ms. Hand for damages of at least her actual damages including under 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of at least $1,000,

including pursuant to 15 U.S.C. § 1692k(a)(2)(A); and at least the costs of this action and attorney fees, including pursuant to 15 U.S.C. § 1692k(a)(3).

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Ms. Hand respectfully prays that this Court:

A. Assume jurisdiction of this case;

B. Award Ms. Hand her maximum actual, economic, emotional, and non-economic damages to be established at trial;

C. Award Ms. Hand actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D. Award Ms. Hand statutory damages in the amount of at least $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

E. Award Ms. Hand attorney's fees and costs of the action including pursuant to 15 U.S.C. § 1692k(a)(3); and,

F. Award such other relief as the Court deems appropriate.

Dated this 13th day of March, 2018.

                                              Respectfully Submitted,
                                              DOUCET & ASSOCIATES CO., LPA


                                              */s/ Alexander R. Keen*
                                              Alexander R. Keen (0093453)
                                              *Attorney for Plaintiff Michelle D. Hand*
                                              700 Stonehenge Parkway, Suite 2B
                                              Dublin, Ohio 43017
                                              PH (614) 944-5219
                                              FAX (818) 638-5548
                                              Alexander@Doucet.Law

## JURY TRIAL DEMANDED

Ms. Hand respectfully requests a jury trial on all triable issues.

*/s/ Alexander R. Keen*
Alexander R. Keen (0093453)
